UNITED STATES BANKRUPTCY COURT
EASTERN AND WESTERN DISTRICTS OF ARKANSAS
LITTLE ROCK DIVISION

IN RE: Jonathan Raymond & Carol Iantha McFall      CASE NO.: _____

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Payment to the Trustee.** Debtor shall pay $ 2,100_____ Per month to the Trustee. **The first payment will be made within 30 days of filing of the petition**. Payment shall be made from the source listed below:

Name of Employer:       Jackonville North Pulaski School District_____
Employer's Address:     1414 W Main St_____
                        Jacksonville, AR 72076_____
Employer's Phone No.:   _____

Payment is received: ()  Weekly    ( ) Bi-Weekly    ( ) Semi-Monthly    (x) Monthly
Other: If other, please specify.

The following provision will apply if completed:

Plan payments will increase to $_____ per month beginning on _____.

2. **Plan Length.** The Debtor proposes to pay all disposable income into the plan for **not less than the applicable commitment period** (unless unsecured creditors are being paid in full (100%)). The plan length shall not exceed 60 months.

The Debtor's plan length is _____60_____ months.

3. **Administrative Claims.** Trustee will pay allowed administrative claims and expenses in full:

(A).   **Trustee's Fees and Expenses.** Trustee shall receive a percentage fee for each receipt, the percentage of which is fixed by the United States Trustee.

(B).   Attorney's Fees. The attorney fee is subject to approval by separate application. The following has been paid or will be paid if approved by the court:
       Amount paid to attorney prior to filing:    $    0.00
       Amount to be paid by the Trustee:           $3,000.00

The ATTORNEY FEE is to be paid form the funds paid in by the debtor, after the administrative costs have been paid. Then an initial fee paid to the attorney shall be as follows: (a)$1,000.00 for cases with monthly plan payments of less than $200; (b) $1,200 for cases with monthly plan payments between $200 and $499; (c) $1,500.00 for cases with monthly plan payments of $500 or more, after administrative costs have been paid, and the remaining fee at the rate of 25% of the total disbursed to creditors each month thereafter until paid in full.

4. **Secured Claims.**

   (A). **Pre-confirmation Adequate Protection Payments.** Until such time as the plan is confirmed, the Debtor's plan payment to the Trustee will be allocated to pay the following adequate protection payments. Prior to confirmation, the Trustee shall be authorized to disburse payments upon the filing of an allowed claim by the Creditors listed below. Payment of adequate protection payments will be limited to funds available.

| Creditor Name | Collateral | Adequate Protection Monthly Payment Amount |
|---|---|---|
| AFCU | 2013 Charger | $100 |
| Compass Bank | 2013 Silverado | $100 |

   (B). **Post-Confirmation Payments**. Post-confirmation payments to creditors holding secured claims shall be paid as set forth below.

   i. **Long Term Debts, Including Debts Secured by Real Property Which Debtor Intends to Retain.** The Debtor proposes to pay secured debts, such as a home mortgage, and/or unsecured debts that will extend beyond the length of the plan, and for which the Debtor will resume payments to such creditor upon completion of the plan, pursuant to the terms of the respective agreements with the Creditors as described below. The regular monthly mortgage payments for real estate may be increased or decreased as provided under the loan documents from information provided by the Creditor and upon the absence of objection from the Debtor. The Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.

| Creditor/Collateral | Monthly Payment | Pre-Petition Arrearage Amount | Monthly Arrearage Payment |
|---|---|---|---|
| Gateway Mortgage | $1,100 | $4,700 | $79 |

   ii. **Claims to Which §506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, for debt incurred within one year of filing. The following claims will be paid as follows.

| Creditor/Collateral | Debt Amount | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   iii. **Other Secured Claims.** Other secured claims will retain their liens and be paid the lesser of the amount of their claim or the value of their collateral. Any amount claimed by the creditors that exceeds the value of the collateral will be treated as a nonpriority unsecured claim.

| Creditor/Collateral | Debt Amount | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| AFCU | $16,000 | $16,000 | 4.75% | $310 |
| Compass Bank | $20,000 | $20,000 | 4.75% | $387 |

iv.  **Surrender of Collateral.**  Debtor will surrender the property securing the following claims in accordance with 11 U.S.C. §1325(a)(5)(C).  No further payments are to be made to the creditor on the secured claim.  The creditor may file a claim for the deficiency amount remaining and the claim will be treated as a non-priority unsecured claim.

| Creditor | Collateral to be Surrendered |
|---|---|
|  |  |

5. **Priority Claims.**

   (A).  **Domestic Support Obligations.**

   ☐   The Debtor has no domestic support obligations.

   (i)   REGULAR PAYMENT:
   *****If joint debtors, indicate which debtor has a domestic support obligation.*****

   The name(s) and address(es) of the holder of any domestic support obligation are as follow.  See 11 U.S.C. §§101(14A) and 1302(b)(6).

   (H) Ashley Zimmerman
        10 Collins Dr.
        Cabot, AR 72023

   The following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   (ii)  **Domestic Support Obligation Arrearage Claims.**

   ☐   The domestic support obligation arrearage claim will be paid directly by the Debtor.  Pre-petition domestic support obligations not paid in full during the plan are not dischargeable unless otherwise ordered by the Court.

   ☐   The domestic support obligation arrearage claim will be paid by the Trustee as follows:

| Creditor (Name and Address) | Arrearage Amount | Monthly Arrearage Payment |
|---|---|---|
| | | |

(B). **Other Priority Claims (e.g., tax claims).** Allowed priority unsecured claims, including the following listed below, will be paid in full (100%) in accordance with 11 U.S.C. §1322(a)(2)., **unless otherwise indicated in this plan.**

| Creditor Name | Debt Amount |
|---|---|
| | |
| | |

6. **Special Long Term Nonpriority Unsecured Claims.**
The following special nonpriority unsecured claims will be paid prior to other nonpriority unsecured claims. The reason for the special treatment is stated below. Claims will be paid in full (100%) unless a different treatment is indicated.

| Creditor | Debt Amount | Interest Rate, If Any | Monthly Payment | Reason for Special Classification |
|---|---|---|---|---|
| | | | | |

7. **Nonpriority Unsecured Claims.** Allowed nonpriority claims shall be paid at least as much as they would receive under Chapter 7. Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below:

☐ A definite percentage of _____;

■ A PRORATA dividend from funds remaining after payment of all other classes of claims and the Debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors; or

☐ Other. Please specify.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, or by the Trustee, as set forth below. Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts set forth below. All other executory contracts and unexpired leases are rejected upon confirmation of the plan.

| Creditor Name | Post-Petition Payment to be Paid Directly by Debtor, if Current (Number of Remaining Payments) | Post-Petition Payment to be Paid by Trustee | Arrearage Amount | Arrearage Monthly Payment |
|---|---|---|---|---|
| | | | | |

9. **Claims That Are Not to Be Paid by the Trustee.**

The following claims are to be paid directly to the creditor by the Debtor and not by the Trustee. These claims include home mortgage, if current; lease payment, if current; and debts actually being paid by a party (liable on the debt) other than the Debtor from property that is not property of the estate.

| Creditor Name | Collateral |
|---|---|
|  |  |

10. **Other Provisions.**

    (A).  **Vesting of Property of the Estate.** The property of the estate shall continue to be property of the estate until such times as a discharge is granted or the case is dismissed. Unless otherwise provide, the Debtor shall remain in possession of all property of the estate.

    (B).  **Secured Claims Not Provided For in the Plan.** In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.

    (C).  **Other Provisions**. Other provisions of the plan which are not inconsistent with Title 11 of the United States Code, pursuant to 11 U.S.C. §1322(b)(11), are as follows: N/A

    (D)  **Other Provisions for cases in which the trustee makes the mortgage payment.** Confirmation of this plan imposes a duty on the Mortgage Entitles to: (1) deem any pre-petition arrearage as contractually current so that no post-petition delinquency status is declared due to pre-petition events that are addressed in the plan; (2) apply Trustee payments on pre-petition arrearages only to such arrearages; (3) apply mortgage payments made during the plan (whether by the Debtor or by the Trustee) to the month in which they were made (or designated to be made) under or during the plan and, (4) pre-petition arrearages shall include only those loans included in the "allowed" proof of claim.

**KNOLLMEYER LAW OFFICE, P.A.**
2525 John Harden Drive
Jacksonville, AR 72076


By: /s/Lonnie Grimes
    Michael Knollmeyer, AR86-105
    Lonnie Grimes, AR88-033